# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

SCOTT BOLTON                    :

       Plaintiff        :

       v.               :

GENE FISCHI; SAM HYDER;          :
GREG SKREPENAK; #1 JOHN DOE;
#2 JOHN DOE; #3 JOHN DOE;         :
#4 JOHN DOE; MARK ROCOVICH;
JANE DOE #1; and JANE DOE #2     :

       Defendants       :

CIVIL ACTION NO. 3:08-0661

(CONABOY, D.J.)
(MANNION, M.J.)

## MEMORANDUM AND ORDER

Before the court is a motion filed by the plaintiff for the appointment of counsel. (Doc. No. 6).

It is well established that indigent litigants have no constitutional or statutory right to appointed counsel in a civil case. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, Congress has given the district courts broad discretion to appoint counsel when deemed appropriate. See id.; 28 U.S.C. § 1915(e)(1) (2006).[1] For example, appointment of counsel should be made when circumstances "indicate the likelihood of substantial prejudice to [the indigent litigant] resulting . . . from his probable inability

_____

[1] The Third Circuit has rejected the notion that the appointment of counsel under section 1915(e)(1) is justified only under "exceptional circumstances." Montgomery, 294 F.3d at 498 n.9 (internal citations omitted).

without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Ferrell v. Beard, 2006 U.S. Dist. LEXIS 63504, at *9 (M.D. Pa. Sept. 9, 2006) (quoting Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)).  Yet the court must always make a threshold determination of "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499-500; Ferrell, at *9.

If the case is genuinely meritorious, then the court will consider a variety of factors that guide the court in deciding whether to appoint counsel.  A nonexhaustive list includes:

1.  the plaintiff's ability to present his or her own case;
2.  the difficulty of the particular legal issues;
3.  the degree to which factual investigation will be necessary and     the ability of the plaintiff to pursue investigation;
4.  the plaintiff's capacity to retain counsel on his or her own     behalf;
5.  the extent to which a case is likely to turn on credibility     determinations, and;
6.   whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993)).

In addition, the court is to consider several other practical considerations which serve to restrain a court's decision to appoint counsel in a civil case:  the growing number of civil rights actions filed in federal courts by indigent litigants; the lack of funding to pay appointed counsel; and the finite pool of qualified attorneys willing to undertake assignments on a pro bono basis. See id. at 505. Yet despite these circumstances, careful analysis of the post-threshold factors will allow for the appropriate allocation of these limited legal resources. See id.

The plaintiff's complaint indicates that he has the ability to "present the facts and legal issues to the court" without the assistance of an attorney. A review of the record of this case suggests that plaintiff can, given the leeway afforded to pro se litigants, adequately present his case and follow the applicable Rules. The plaintiff is literate and is able to communicate his thoughts to the court. His filings this far have been understood, and they indicate that plaintiff is capable of pursuing his complaint without the benefit of appointed counsel. The issues raised by plaintiff do not appear to be complex.

Thus, for the foregoing reasons, the plaintiff's request for court-appointed counsel will be denied.

**NOW, THEREFORE, IT IS ORDERED THAT** the plaintiff's motion for appointment of counsel (Doc. No. 6) is **DENIED.**

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Dated:  June 18, 2008

O:\shared\ORDERS\2008 ORDERS\08-0661.02.wpd